UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EUGENE BRIAN GARVIE,

            Petitioner,

   v.

JASON BENNETT,

            Respondent.

Case No. C24-336-BHS-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Eugene Garvie is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2007 Snohomish County Superior Court judgment and sentence. (*See* dkt. # 1-1.) Petitioner has filed other federal habeas petitions relating to the same judgment. This Court, having reviewed the petition filed in this matter, and Petitioner's prior petitions, concludes the instant petition is a second or successive petition over which this Court lacks jurisdiction, and the petition should therefore be dismissed.

## II. DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on March 12, 2024. (*See* dkt. # 1.) Petitioner did not identify in his petition the case number of the judgment and sentence he seeks to challenge, but he does indicate the judgment was filed in Snohomish County Superior Court on August 1, 2007.[1] (*See* dkt. # 1-1.) Petitioner asserts in his petition that the trial court violated his Fourteenth Amendment right to due process when it failed to apply a retroactive sentencing statute, RCW 9.94A.760 (2023), to his sentence. (*Id.* at 5.)

A review of this Court's records reveals that Petitioner has filed two prior federal habeas petitions challenging the same 2007 Snohomish County Superior Court judgment and sentence which were dismissed with prejudice. *See Garvie v. State of Washington*, C18-1371-JLR; *Garvie v. Bennett*, C24-232-RAJ. Petitioner also previously filed a petition for writ of mandamus challenging his 2007 Snohomish County Superior Court judgment and sentence which was also dismissed with prejudice. *Garvie v. State of Washington*, C21-218-RSM.

The fact that Petitioner has had previous federal habeas petitions challenging the judgment at issue here dismissed with prejudice renders the instant petition a second or successive one for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner provides no evidence that the Ninth Circuit has authorized the filing of the instant petition and, thus, this Court lacks jurisdiction over the petition.

---

[1] A review of Petitioner's past criminal proceedings reveals that Petitioner was sentenced in Snohomish County Superior Court case number 06-1-01151-6 on July 31, 2007, and judgment was entered the following day. *See State v. Garvie*, No. 06-1-01151-6 (Snohomish County Superior Court, filed May 11, 2006), *docket available at* https://odysseyportal.courts.wa.gov/odyportal (last accessed March 26, 2024).

REPORT AND RECOMMENDATION
PAGE - 2

### III. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 1-1) be dismissed for lack of jurisdiction and a certificate of appealability be denied. This Court further recommends that all motions submitted with Petitioner's petition (dkt. ## 1-2, 1-4) be denied as moot. Finally, this Court recommends that Petitioner's application for leave to proceed *in forma pauperis* (dkt. # 1) be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

will be ready for consideration by the District Judge on **April 19, 2024**.

DATED this 28th day of March, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge