UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EUGENE BRIAN GARVIE, | CASE NO. C24-0336 |
| Petitioner, | ORDER |
| v. | |
| JASON BENNETT, | |
| Respondent. | |

THIS MATTER is before the Court on Magistrate Judge Michelle Peterson's Report and Recommendation (R&R), Dkt. 4, recommending that the Court deny pro se petitioner Eugene Garvie's 28 U.S.C. § 2254 habeas corpus petition, Dkt. 1, as a second or successive petition, deny his request for a § 2253(c) Certificate of Appealability, and dismiss the case.

The R&R explains that Garvie pled guilty in 2007, and that he has already filed two prior habeas petitions related to that conviction. Dkt. 4 at 2. Garvie also sought in 2021 a writ of mandamus related to his conviction and sentence. The R&R concludes that this Court does not have subject matter jurisdiction over a second or successive habeas

petition unless the petitioner has obtained permission to file such a petition from Ninth Circuit. *Id*. (citing 28 U.S.C. 2244(b)(3)(A)).

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo determination, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Thus, the district court is required only to indicate that it reviewed the record de novo and found no merit to the objections in order to summarily adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The district court is not obligated to "expressly address" every objection. *Id.* at 437.

Garvie has objected to the R&R and its conclusions and recommendations. Dkt. 6. But he has not demonstrated (as he must) that the R&R's legal conclusions are clearly erroneous or contrary to law. Rule 72(a).

Instead, Garvie complains the R&R failed to order the respondent to produce a copy of his judgment, sentence, and other documents. Dkt. 6 at 1. He argues the R&R

failed to take judicial notice, and that he was entitled "to be heard." *Id*. Garvie claims he is entitled to an evidentiary hearing, and that the R&R "asserted improper defenses," "sandbagging" him. *Id*. at 2. Garvie does not address the Court's jurisdiction over his second or second habeas petition. His objections are improper and ineffective.

The R&R is **ADOPTED**. Garvie's §2254 petition is **DENIED** as an unauthorized second or successive petition. The Court will **NOT** issue a Certificate of Appealability for the reasons articulated in the R&R.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 23rd day of May, 2024.

_____
BENJAMIN H. SETTLE
United States District Judge